FILED
3/1/2019 2:32 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Victoria Angeles

W/ JD

CAUSE NO. **2019CI04133**

| | | |
|---|---|---|
| SALUBRIO LLC d/b/a BRIO, LLC | § § § § | IN THE DISTRICT COURT |
| vs. | § § § | 73rd __ JUDICIAL DISTRICT |
| LAW OFFICE OF DAVID SHAFER, PLLC & LUIS RUIZ | § § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** SALUBRIO LLC d/b/a BRIO, LLC, complaining of the Law Office of David Schafer, PLLC, & Luis Ruiz, and for cause of action will show:

1. **Discovery Plan:** Discovery is being conducted herein pursuant to Rule 190.2, (Level 1).

2. **Rule 47 Averment:** Plaintiff seeks monetary relief of $100,000.00 or less, and non-monetary relief.

3. **Rule 169 Averment:** Plaintiff avers this action is an expedited action pursuant to, and invokes the provisions of Rule 169.

4. **Parties:**

    a.  Plaintiff is Salubrio, LLC d/b/a BRIO LLC, which has its principal offices in San Antonio, Bexar County, Texas;

Exhibit B

b. Defendant, Law Office of David Shafer & Associates, PLLC is a law firm with its principal office in San Antonio, Bexar County, Texas and may be served by delivery of citation to David Shafer at 2139 N.W. Military HWY, San Antonio, Texas 78213;

c. Defendant, Luis Ruiz may be served by delivery of citation to Luis Ruiz, 2710 Commercial Ave., San Antonio, Texas 78221.

5. **Jurisdiction & Venue:** The sums sued for are in excess of the jurisdictional limits of the District Court. Venue is proper as the Defendants are resident of Bexar County, Texas, and the place for performance of the contracts in question is Bexar County.

6. **Conditions Precedent:** All conditions precedent to maintenance of this suit were performed, have occurred, or were excused.

7. **Facts:** Defendant Law Office of David Shafer, PLLC ("Shafer"), is a personal injury law firm. Defendant, Luis Ruiz ("Ruiz"), is a personal injury client of Shafer. Ruiz claims to have been personally injured in an accident. Ruiz sought diagnosis and treatment related to such alleged injury. In the course of Ruiz' treatment for injury allegedly related to his accident, Ruiz' physicians and/or Shafer referred Ruiz for necessary to injury related treatment. On 7/18/17 Shafer issued a

"letter of protection" ("LOP") which states that Shafer "...will pay [Plaintiff] all outstanding medical expenses for Luis P. Ruiz' injury-related treatment directly out of any settlement proceeds or payment resulting from a settlement or jury verdict so long as they are reasonable and necessary". The LOP is attached as **Exhibit 1.** Plaintiff reasonably relied on the LOP. On 7/21/17 Plaintiff provided medical diagnostic magnetic resonance imaging services to Ruiz to diagnose any injury to his right and left knees, and for radiological interpretation and reports, the reasonable, usual and customary cost of which is $1,500.00 each, for a total of $3,000.00. The invoice for the medical services provided is attached as **Exhibit 2.** Furthermore, upon presentation at the Plaintiff's medical facility, Ruiz entered into an Agreement of Responsibility and Acknowledgement of Service on a Lien ("Patient Agreement"), attached as **Exhibit 3**, assigning to Plaintiff and granting a lien upon proceeds that may be recovered on Ruiz' behalf and authorizing and directing his attorney to pay Plaintiff for any billings and fees arising out from the medical services provided. Shafer, as agent for Ruiz, repudiated both the LOP and the Patient Agreement on or about 1/9/19. Upon information and

belief, Ruiz' case has been settled by Shafer and Ruiz, but whether or not it has been settled, both the LOP and the Patient Agreement were plainly repudiated on behalf of Ruiz by Shafer, who disavowed any duty to pay Plaintiff from any settlement proceeds. Defendants each accepted all services for which a charge is shown, knew and understood that Plaintiff was expecting to be paid, became bound to pay Plaintiff the usual and customary costs of an open tiltable weight-bearing MRI and radiological evaluation for the right and left knee, and are or will be unjustly enriched if not required to pay Plaintiff the sums sued for. The charges for the medical services are the usual and customary charges for the kind of services provided. This account represents a transaction or series of transactions of which a systematic record has been kept. Plaintiff believes that the funds have been or will be paid out, in violation of a disciplinary, and fiduciary obligation of Shafer owed to both Ruiz and Plaintiff. Plaintiff has presented this claim and demanded that Defendant pay this amount, but Defendants have not done so. It is believed that these invoices were submitted to one or more insurance companies, including under PIP coverages, liability and/or

uninsured/underinsured motorist coverage, and have been fully paid to Defendants.

8. **Sworn Account:** This is a suit on an account for personal services rendered on which a systematic record has been kept, is supported by the affidavit of the Plaintiff avers that the account is just and true, and is due, and that all just and that all lawful offsets, payments and credits have been allowed. Plaintiff pleads for the recovery of $3,000.00, plus statutory interest on the open account as allowed by law, and for attorneys' fees.

9. **Breach of Contract:** The foregoing establishes that the Defendants have breached, or committed an anticipatory breach of, their agreements to pay from settlement proceeds the usual and customary cost of the medical diagnostic imaging services rendered. Defendants are liable to Plaintiff for the respective accounts of each, plus statutory interest on the account as allowed by law, and for attorneys' fees.

10. **Fraud:** The foregoing establishes that Ruiz and Shafer committed a fraud upon Plaintiff. In reliance on Ruiz' agreement dated 7/21/17, and Shafer's Letter of Protection dated 7/18/17, assuring payment

from settlement proceeds, Plaintiff provided the services in good faith. Defendants did not then intend to pay the usual and customary costs, from settlement proceeds, as represented intentionally or, alternatively, recklessly and as a positive assertion. Defendants concealed their intent to seek full payment from insurers and to accept the benefits of the Plaintiff's services. Plaintiff relied on the misrepresentations and concealments. Further, the interference was actuated by gross negligence, or malice, or fraud, and Plaintiff is entitled to exemplary damages pursuant to Ch. 41, Tex. Civ. Pr. & Rem. Code.

11. **Tortious Interference with Contractual Relations:** The foregoing demonstrates that Shafer intentionally, and without justification, interfered with the contract between Ruiz and Plaintiff. The interference is the proximate cause of damages in the sum of $3,000.00, plus statutory interest as allowed by law. Further, the interference was actuated by gross negligence, or malice, or fraud, and Plaintiff is entitled to exemplary damages pursuant to Ch. 41, Tex. Civ. Pr. & Rem. Code.

12. **Declaratory Relief:** Pursuant to Ch. 37, Tex. Civ. Pr. & Rem. Code, Plaintiff requests declaratory relief declaring that Shafer and Ruiz have a legal and contractual duty to pay Plaintiff from settlement funds, that Plaintiff has an assignment and a lien upon the settlement proceeds, that Shafer has a disciplinary and a fiduciary duty owed to Plaintiff to pay the Plaintiff from the settlement proceeds, and that Plaintiff is entitled to be paid the reasonable value of the services, $3,000.00, for an open table, tiltable, weight bearing MRI of a left and right knee, based upon the usual and customary considerations to determine a reasonable fee for such medical services.

13. **Attorneys' fees:** Defendant's default has made it necessary for Plaintiff to employ the undersigned attorney to file suit. The Agreement between Plaintiff and Ruiz provides that the prevailing party shall recover attorneys' fees and costs, including costs of mediation, as determined by the court. In excess of 30 days has elapsed since presentment of the claim. Accordingly, Plaintiff prays for reasonable and necessary costs, including contractual attorneys' fees, and fees pursuant to Ch. 38, Tex. Civ. Pr. & Rem. Code.

14. **Request for Disclosure:** Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose; within 50 days of the service of this request, the information or material described in Rule 194.2.

15. **Jury Demand:** Plaintiffs demand a jury and tender the jury fee herewith.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer herein, and upon the trial of this matter the Plaintiff be granted judgement against each Defendant, separately, for the sum of the account owed by each, for pre-judgment interest thereon, until the date of judgment, for a reasonable, necessary attorneys' fee, for all costs of court; and for post-judgment interest on the aggregate judgment, and for such other and further relief, special or general, legal or equitable, as Plaintiff may be shown to be justly entitled to receive.

Respectfully submitted,

**CARL J. KOLB, P.C.**
926 Chulie Drive
San Antonio, Texas 78216
Telephone: (210) 225-6666
Telecopier: (210) 225-2300
Email for all Rule 21a service:
service@carlkolblaw.com


By: /s/ Carl J. Kolb
    Carl J. Kolb
    State Bar Number 11660480

**ATTORNEY FOR PLAINTIFF**

## VERIFICATION

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

BEFORE ME, the undersigned authority, on this day personally appeared Douglas K. Smith, MD, CPHIMS, CHCIO, CHPS who is the principal for Salubrio, LLC d/b/a BRIO LLC herein, being duly sworn, and deposed saying that he is authorized to make this affidavit, has read paragraph 8 of the foregoing Original Petition, and that the facts stated therein are within his personal knowledge and are true and correct.

_____
Douglas K. Smith, MD

Subscribed and sworn to before me on March 1, 2019.

_____
Notary Public, in and for the
State of Texas

Monica Gallegos
My Commission Expires
01/20/2021
ID No. 126776577

## LAW OFFICES OF DAVID SCHAFER, PLLC

2139 NW Military HWY, Suite 200 * San Antonio, Texas 78213
Voice: 210.348.0500 * Fax: 210.348.0520 * www.helpingtexas.com

Brian J. Trenz            David P. Schafer

Date: July 18, 2017

Brio San Antonio
Open MRI

Fax: (210) 272-0337            From: Leticia Espinosa

Pages: 1

| RE: Patient's Name: | Luis P. Ruiz |
|---|---|
| Date of Injury: | 06/26/17 |
| Date of Birth: | 02/18/1975 |
| Social Security No.: | 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 |

To Whom It May Concern:

Our firm represents Luis P. Ruiz in a claim for injuries and damages received in an accident which occurred on June 26, 2017

Our firm is authorized to provide you this protection letter wherein it is agreed that the firm will pay your office all outstanding medical expenses for Luis P. Ruiz's injury-related treatment directly out of any settlement proceeds or payment resulting from a settlement or jury verdict as long as they are reasonable and necessary

As consideration for this protection letter, you agree to refrain from taking any action to collect outstanding medical bills while Luis P. Ruiz's case is pending. It is imperative that you do not file a Personal Injury Protection Benefits Application for our client. If you file PIP, it may have significant legal ramifications for our client and could greatly reduce the amount of settlement our client receives. Please allow our office to handle all claims associated with our client and the referenced accident.

Thank you for your acceptance of this protection letter. If you have any questions, please do not hesitate to contact us.

Sincerely,

Law Offices of David Schafer, PLLC

By: <u>Leticia Espinosa</u>        *David P. Schafer*
      Leticia Espinosa

**EXHIBIT**
**1**



# INVOICE

**Salubrio LLC dba Brio San Antonio**
555 E. Basse Road, Suite 111
San Antonio, TX 78209

INVOICE # PIO-9218
Date: 07/21/2017

| BILL TO: | Luis Ruiz<br>2710 COMMERCIAL AVE<br>San Antonio, TX 78221 | REMIT TO: | Brio San Antonio MRI<br>555 E. Basse Road, Suite 111<br>San Antonio, TX 78209<br>Tax ID  46-2253242 |
|---|---|---|---|

| MRN | PATIENT FIRST NAME | PATIENT LAST NAME | DATE OF INJURY | DOB | NOTES |
|---|---|---|---|---|---|
| 11841 | Luis | Ruiz | 06/26/2017 | 02/18/1975 | |

| DATE OF SERVICE | CPT CODE | DESCRIPTION | ICD 10 | AMOUNT |
|---|---|---|---|---|
| 07/21/2017 | 73721 | MRI Knee wo contrast [73721K] - Knee - R | | 1500.00 |
| 07/21/2017 | 73721 | MRI Knee wo contrast [73721K] - Knee - L | | 1500.00 |
| | | Total | | 3000.0 |
| | | Amount Received | | 0.0 |
| | | **OUTSTANDING BALANCE** | | 3000.0 |

Thank you for your Business
If you have any questions, please contact us at 210-272-0053

555 E. Basse Road, Suite 111, San Antonio, TX 78209
Phone: 210-272-0053 | Fax: 210-272-0337 | Email: info@briomri.com

EXHIBIT 2

## Brio San AntonioMRI
## Agreement of Responsibility and Acknowledgement of Service on a Lien

I. This is an agreement between **Luis Ruiz** ("Patient") and Salubrio LLC doing business as Brio San Antonio MRI ("Provider"). This agreement concerns the grant of a lien to Provider.

II. Patient understands that the medical services, supplies and/or treatment Patient is receiving from Provider as part of the ongoing personal injury claim may be billed as a lien as may be authorized by applicable Texas state law and practice. Patient hereby assigns to Provider, and grants it a lien on the proceeds that may be recovered on Patient's behalf as a result of any judgment, settlement, arbitration, mediation, litigation, award, verdict, or any other collection activities on Patient's personal injury claim, in which Patient is represented by Attorney, in an amount equal to all such sums as may be due Provider for any and all medical treatment or services rendered to Patient \ Attorney agrees to pay Assignee Provider out of any judgment, settlement, arbitration, mediation, litigation, award, verdict, or any other collection activities on Patient's personal injury claim, in which Patient is represented by Attorney, in an amount equal to all such sums as may be due Provider for any and all medical treatment or services rendered to Patient. Patient agrees to direct Attorney to pay Provider out of any judgment, settlement, arbitration, mediation, litigation, award, verdict, or any other collection activities on Patient's personal injury claim, in which Patient is represented by Attorney, in an amount equal to all such sums as may be due Provider for any and all medical treatment or services rendered to Patient.

III. Payment Agreement. Patient authorizes and directs Attorney to pay Provider directly for any billings and fees arising out of the medical services, treatment and care arising out of Patient's personal injury claim and by reason of any other bills which Patient may owe Provider. Provider's ability to collect any amounts shall be limited to applicable law and practice. Patient acknowledges that the legal settlement or judgment may pay all, part, or none of this amount and that Patient is responsible for complete payment. Patient understands that Patient is financially responsible for any amount not paid pursuant to this assignment, as may be authorized by applicable Texas state law and practice. Patient and Attorney hereby waive any right to challenge or object to the amount of any such fees or charges on that basis.

Patient agrees to direct Attorney to observe all terms stated herein. Patient agrees to direct Attorney to hold in Attorney's Client Trust Account such sums from any payment, settlements, dispositions, proceeds and/or verdicts received on Patient's behalf as may be required to adequately protect and pay Provider for services by Provider. Attorney is further directed to pay from Attorney's Client Trust Account to Provider that amount which is due and owing for those medical services by Provider. Attorney is further directed that in the event Patient secures other counsel in connection with any action instituted by Patient on account of the injuries for which Patient was treated, Attorney shall inform such new counsel of this Agreement, and will attempt to secure new counsel's consent thereto.

EXHIBIT
3

VII. Attorney's Fees and Expenses. In the event of any litigation, arbitration or any other action to collect on, enforce or determine the validity of this Agreement or in any way connected to Patient's medical services, the prevailing party in any such action or proceeding shall be entitled to recover reasonable attorney's fees and actual costs, including fees and costs related to any suit, mediation or arbitration proceeding, appeal, bankruptcy proceeding or other proceeding, in such amount as may be determined by any arbitrator or court, whichever is applicable.

By Patient's signature below, Patient has read, understands and agrees to this agreement.

Patient Signature: _____ Date: 7/21/2017 8:01:47 AM

555 E. Basse, Suite 111, San Antonio, Tx, 78209
P. 210-272-0053 F. 210-272-0337 info@salubriomri.com
www.SaluBrioMRI.com